IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK DUNCAN,

        Plaintiff,                        No. CIV S-08-0915 JAM GGH P

    vs.

RUAEDA, et al.,

        Defendants.        <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $8.56 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1  Plaintiff appears to claim that defendants are forcing him to go to school despite a
2  mental disability impairing his ability to learn. As relief, plaintiff seeks money damages.
3  While plaintiff lists several defendants, he does not discuss their involvement in
4  the alleged deprivation. The Civil Rights Act under which this action was filed provides as
5  follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link any of the defendants to the alleged deprivation, the complaint is dismissed with leave to amend.

/////

1      In addition, it is not clear how plaintiff is claiming defendants violated his
2 constitutional rights by forcing him to attend school.  If plaintiff files an amended complaint, he
3 must address this issue.  Plaintiff also may be alleging a claim pursuant to the Americans with
4 Disabilities Act (ADA).  If plaintiff files an amended complaint, he must clarify whether he is
5 bringing an ADA claim and set forth the grounds for the claim.

6      In addition, plaintiff is informed that the court cannot refer to a prior pleading in
7 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
8 amended complaint be complete in itself without reference to any prior pleading.  This is
9 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
10 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
11 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
12 original complaint, each claim and the involvement of each defendant must be sufficiently
13 alleged.

14      Plaintiff has requested the appointment of counsel.  The United States Supreme
15 Court has ruled that district courts lack authority to require counsel to represent indigent
16 prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In
17 certain exceptional circumstances, the court may request the voluntary assistance of counsel
18 pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
19 Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court
20 does not find the required exceptional circumstances.  Plaintiff's request for the appointment of
21 counsel will therefore be denied.

22     In accordance with the above, IT IS HEREBY ORDERED that:
23         1. Plaintiff's request for leave to proceed in forma pauperis is granted.
24         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
25 Plaintiff is assessed an initial partial filing fee of $8.56.  All fees shall be collected and paid in
26 accordance with this court's order to the Director of the California Department of Corrections

1  and Rehabilitation filed concurrently herewith.

2        3. The complaint is dismissed for the reasons discussed above, with leave to file
3  an amended complaint within thirty days from the date of service of this order.  Failure to file an
4  amended complaint will result in a recommendation that the action be dismissed.

5        4. Plaintiff's April 30, 2008, motion for appointment of counsel is denied.

6  DATED: 05/27/08

/s/ Gregory G. Hollows

7

GREGORY G. HOLLOWS
8  UNITED STATES MAGISTRATE JUDGE

9

10  dun915.b